PER CURIAM.
Petitioner, Craig Lazar Bent, petitions this Court for a writ of habeas corpus, claiming that he is illegally detained and entitled to a new hearing to determine reasonable bail. Because we agree that Petitioner is entitled to a hearing, we grant the petition.
On February 21, 2017, Petitioner was charged by information with second-degree felony murder (with a firearm), attempted first-degree murder with a firearm, and shooting at, within, or into an occupied vehicle. At an April 21, 2017 bond hearing, the investigating officer testified that two witnesses, Richardson and Roth, identified Petitioner from a photo lineup as present at the scene of the crime with a firearm. Richardson's identification of Petitioner was unequivocal, while Roth's identification was not as reliable. Based in large part on the positive identifications, the trial court denied the motion to set bond on the second-degree felony murder and attempted first-degree murder with a firearm counts.
However, Richardson later testified during her deposition that the investigating officer pressured her into selecting Petitioner from the photo lineup. Based on this testimony, Petitioner filed a second motion to set bond, which was denied without explanation following a March 12, 2018 hearing.
After the second hearing, the State filed a notice indicating that another officer, who was present during the photo lineup, stated that Richardson's testimony regarding coercion was true. Based on the State's notice, Petitioner filed a third motion to set bond. The next day, the trial judge's judicial assistant informed the parties that the trial judge would not entertain another bond hearing on this case. No written order was entered.
The trial court's refusal to set Petitioner's third motion for a hearing is the basis for the instant petition. In response to this Court's show cause order, the trial court advised that it had held a status conference and determined that the third motion to set bond was insufficient, and therefore, denied both the motion and Petitioner's request for a hearing.
Considering the record before us and Richardson's seeming recantation of the certainty of her identification, which is now allegedly supported by the statement of a law enforcement officer, we conclude the motion was sufficient and the trial court abused its discretion in denying the motion without a hearing. Accordingly, we grant *1214 the petition and remand this matter to the trial court to promptly conduct a full bond hearing.
PETITION GRANTED; CAUSE REMANDED.
EISNAUGLE, GROSSHANS and SASSO, JJ., concur.